Michael J. Gearin, WSBA # 20982
Peter A. Talevich, WSBA # 42644
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

*Additional Counsel Listed Below*

Honorable Bryan Lynch
Chapter 7
Hearing Location: Telephonic
Hearing Date: Wednesday,
   October 21, 2020
Hearing Time: 9:00 a.m.
Response Date: October 14, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re:<br><br>KAYLEY LYNEE FRANKLIN,<br><br>                Debtor. | Case No. 20-41184-bdl |
| KAYLEY L. FRANKLIN,<br><br>                Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK,<br><br>                Defendant. | Adv. Proc. No. 20-04047-BDL<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT** |

Nothing in debtor's response can save her deficient Complaint. The Court should dismiss debtor's claims for declaratory judgment and discharge for the reasons set forth in Wells Fargo's motion and supporting memorandum of law and for the following reasons, as are apparent in plaintiff's response to the motion:[1]

---

[1] Capitalized terms not defined in the reply have the same meaning as set forth in the motion.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 1 of 12

*First*, debtor concedes that (1) as she herself alleged, the subject loans are *student loans* that debtor obtained for the purpose of financing her education, and (2) as incorporated by reference into the Complaint, the relevant loan documents expressly indicate that the Student Loans were solely intended for and contractually confined to the payment of qualified educational expenses. Through her concessions, debtor has pleaded herself out of a claim. Debtor provides no support for her suggestion that the Court may ignore the very allegations of the Complaint—including the unequivocal contractual language that debtor chose to incorporate into the Complaint. And none of the cases that debtor cites involved contractual language establishing, as here, the educational purpose of the subject loans. Because nothing in debtor's response changes the fact apparent from the Complaint itself that Wells Fargo originated the Student Loans within the scope of Section 523(a)(8) as non-dischargeable "qualified education loans," the Court should dismiss debtor's claim for discharge with prejudice.

*Second*, debtor's suggestion that she will produce evidence and testimony at a future stage of litigation does not cure the Complaint's deficient assertions of undue hardship. Debtor cannot rely on her response to amend the Complaint. And even if she could, she proffers nothing more than conclusory statements, such as the general state of the economy, which would not withstand scrutiny under *Twombly* and *Iqbal*. Notably, even in her response, debtor fails to disclose any proactive good-faith effort to increase her income, or to engage in employment, or to reduce her expenses. Nor does she offer anything more than speculation that her current state of affairs is likely to persist through the repayment term. Thus, the Court should dismiss debtor's claim for undue hardship with prejudice.

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 2 of 12

# I. ARGUMENTS AND AUTHORITIES

## A. Debtor Cannot Overcome the Fact That Her Own Complaint Establishes the Subject Loans Are Non-Dischargeable.

### i. *Debtor Applies an Incorrect Standard for Dismissal.*

Debtor acknowledges that "to survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Resp., p. 2. And in debtor's own words, "a defendant is entitled to challenge the legal sufficiency of the Complaint without subjecting itself to discovery." Resp., p. 2 (citing *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729, 783 (9th Cir. 1987)).

But then debtor makes the unsupported, novel suggestion that Wells Fargo must introduce evidence at the Rule 12(b)(6) stage to defeat debtor's claim. Resp., pp. 3–5, 7 (repeatedly referring to Wells Fargo's purported failure to proffer evidence). Indeed, debtor's main argument as to the Student Loans' non-dischargeability under § 523(a)(8)(B) is captioned "EVIDENCE BEFORE THE COURT DOES NOT ESTABLISH NON-DISCHARGEABILITY UNDER §523(a)(8)(B)." *Id*., p. 3. To the extent debtor suggests that case law concerning a defendant's supposed burden at the merits stage can relieve a debtor's burden of pleading facts sufficient to state a claim, Resp., pp. 2–3, debtor is wrong. Indeed, the B.A.P. of the Sixth Circuit has rejected debtor's theory:

> The Debtor first argues that the bankruptcy court erred by not requiring the creditor to bear the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8) . . . . In the present case, the Debtor stated in his original complaint that the debt is student loan debt. Additionally, the Debtor stated that the debt is serviced by . . . the named defendant, and that the loan was incurred to pay expenses at Spencerian College. ***Accordingly, regardless of [which party] bears the burden of proving that the debt is of the type included in § 523(a)(8), the Debtor's own pleading removed the issue from contention, and his own allegations plausibly support the allegation that the nature of the debt at issue places it within the exception.***

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 3 of 12

*In re Chenault*, 586 B.R. 414, 419 (B.A.P. 6th Cir. 2018) (emphasis added); *see also In re Lee*, No. 14-11872, 2019 WL 5849059, at *3 (Bankr. D. Kan. Nov. 7, 2019) ("Plaintiff conflates the burden of proof for establishing non-dischargeability with stating a plausible claim for discharge of student loans . . . . At the pleading stage, it is plaintiff that must satisfy Rule 8(a)(2) and allege a sufficient factual basis supporting her claim that the student loans do not fall within § 523(a)(8)(B)'s terms . . . . [Debtor] has failed to state a claim upon which I could conclude that these loans are not 'qualified' and not protected from discharge under § 523(a)(8)(B)."). Here, the proper inquiry is whether the Complaint, and all materials that debtor made a part of it, can sustain a claim. As explained below, they do not.

   *ii.* <u>*Debtor's Interpretation of the Purpose Test Endorsed by Courts throughout the Ninth Circuit Improperly Turns the Definition of Purpose on Its Head.*</u>

Debtor nowhere distinguishes the numerous decisions cited in Wells Fargo's motion where courts in the Ninth Circuit have applied the purpose test in determining whether a loan is non-dischargeable qualified educational loan under § 523(a)(8). And in the case debtor cites regarding the purpose test (Resp., p. 5), the Central District of California *agreed* that "the 'Purpose Test' restricts a federally-subsidized or qualified educational loan from degenerating into a non-qualified loan." *In re Dufrane*, 566 B.R. 28, 40 (Bankr. C.D. Cal. 2017) (citing *Murphy v. Penn. Higher Educ. Assistance Agency (In re Murphy)*, 282 F.3d 868 (5th Cir. 2002) (seminal decision adopting purpose test)).

But then, without support, debtor attempts to turn the definition of purpose on its head, asserting that the purpose test examines whether the funds were "squandered," that is, used, for non-educational purposes. *See* Resp., p. 5. That interpretation is contrary to the plain language of the statute: "'qualified education loan' means any indebtedness ***incurred***"—not used—"to pay qualified higher education expenses." 26 U.S.C. § 221(d)(1) (emphasis added). As the court stated in *In re Rizor*, "the question of whether a loan is for an educational benefit depends not how the funds were

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL  Doc 19  Filed 10/16/20  Ent. 10/16/20 17:01:01  Pg. 4 of 12

actually 'used,' but on the 'stated purpose for the loan when it was obtained.'" 553 B.R. 144, 149 (Bankr. D. Alaska 2016) (emphasis added) (citing *Sokolik v. Milwaukee Sch. of Eng'g (In re Sokolik)*, 635 F.3d 261, 266 (7th Cir. 2011)).[2] Under that test, where the loan documents at issue, such as those debtor incorporates into the Complaint here,[3] state the purpose of the loan is for education, then a debtor cannot sustain a claim of dischargeability as a matter of law.

       iii. <u>Debtor Concedes That the Complaint Pleads the Underlying Debt Was Expressly Incurred for Educational Purposes and Thus Is a Non-Dischargeable "Qualified Education Loan" under 11 U.S.C. § 523(a)(8)(B).</u>

As debtor pleads, the Student Loans were in fact "*student loans*" incurred "to finance her education." *See, e.g.*, Compl. ¶¶ 9, 10, 14, 17 (emphasis added). Her own pleading is fatal to her claim. *See In re Chenault*, 586 B.R. at 419 (affirming dismissal of adversary proceeding seeking to discharge student loan where debtor's own pleading established loans were made for educational purposes). Additionally, the underlying credit agreements, which debtor concedes are part of the Complaint, establish that the Student Loans are "qualified education loans." In the credit agreements, debtor agreed that:

- the Student Loans were non-dischargeable qualified education loans and thus that she

---

[2] Indeed, the case law is clear that the "purpose" test forms the *entire* inquiry for whether a loan is educational under § 523(a)(8) and the statutes incorporated by reference therein. *See, e.g., Sokolik*, 635 F.3d at 266; *Murphy*, 282 F.3d at 868; *In re Medina*, 2016 WL 11574867, at *5. There is nothing to indicate that the Fifth and Seventh Circuits' reference to borrowers' abuse of loaned educational funds, which merely articulates the policy rationale for the "purpose" test, circumscribes or limits the application of the test in any way.

[3] In her response, debtor does not contest that the credit agreements constitute a part of the Complaint. *See* Resp., p. 2 (referring to sufficiency of "[the] Complaint and the supplementary documents advanced by Wells Fargo"); *accord Johnson v. Fed. Home Loan Mortg. Corp.*, No. C12-1712 TSZ, 2013 WL 2445367, at *1 (W.D. Wash. June 5, 2013), *aff'd,* 793 F.3d 1005 (9th Cir. 2015) (dismissing complaint in part on basis of loan documents attached to motion to dismiss).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 5 of 12

must prove undue hardship in any adversary bankruptcy proceeding. *See, e.g.*, Mot. Ex. C, p. 5, ¶ M5; Mot. Ex. C, p. 5, ¶ N5;

- "the loan proceeds are solely to pay for qualified higher education expenses," promising to "immediately pay any funds . . . [received] which cannot be reasonably attributed to [such educational expenses]." *See, e.g.*, Mot. Ex. A, p. 1, ¶ 12; *see also, e.g.*, Mot. Ex. E, p. 5, ¶ N; *see also* Mot. Ex. E, p. 2, ¶ A2, and Mot. Ex. F, p. 5, ¶ N; and

- each of the Student Loans is an "**EDUCATION LOAN THAT MUST BE REPAID.**" *See, e.g.*, Mot. Ex. A, p. 1 (emphasis in original).

Debtor nowhere directly addresses that through her own pleading, she admits taking the Student Loans for educational purposes. Rather, she attempts to sidestep her pleading by introducing an immaterial proposition, namely that in some instances, a court may examine the costs of attendance where the loan agreements themselves may not establish the purpose of the subject loans. (Resp., p. 5). But neither of the cases to which debtor cites[4] considered language comparable to that which debtor pleaded here, establishing the educational purpose of the Student Loans. Nor does debtor's averment "[o]n information and belief," without identifying the specific loans in question, that "some or all of the loans issued by Wells Fargo were made in excess of the cost of attendance," Compl., ¶ 36, suffice to overcome the plain language of the subject credit agreements. Rather, the law is clear that a plaintiff cannot sustain a claim based on speculation, particularly where she has pleaded actual contractual language to the contrary. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted

---

[4] *See* Resp., p. 5 (citing *In re Wiley*, 579 B.R. 1, 9 (Bankr. D. Me. 2017); *In re Grabis*, No. 13-10669-JLG, 2018 WL 6132045, at *9 (Bankr. S.D.N.Y. Nov. 20, 2018)).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 6 of 12

by documents referred to in the complaint."); *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."); s*ee, e.g., In re Medina*, No. 10-33712-MKN, 2016 WL 11574867, at *5 (Bankr. D. Nev. Sept. 16, 2016) (contractual language in student loan agreements dispositive without reference to costs of attendance).

Even assuming, for the sake of argument only, that debtor received funds in excess of her costs of attendance, her agreement to return such funds, and failure to plead that she did, is an admission of the fundamental educational nature of the Student Loans. *See, e.g.*, Mot. Ex. E, p. 5, ¶ N; Ex. F, p. 5, ¶ N. And in any event, "Section 523(a)(8) does not expressly state that only loans 'used for tuition' are non-dischargeable. Nor does it define educational loans as excluding *living or social expenses*." *Murphy*, 282 F.3d at 871 (emphasis added). For this reason, debtor's assertion that "[t]he fact a loan is associated with education is not determinative of non-dischargeability" (Resp., p. 5), also fails.

Further, debtor's reference to cases allowing discharge on the basis that the subject indebtedness was not incurred in connection with "qualified educational institutions" are inapposite. *See* Resp., p. 5. Here, debtor's own pleading establishes that the disbursed funds—earmarked for her attendance at Washington State University and the University of Nevada at Las Vegas—were expressly limited to the payment of qualified higher education expenses at an eligible educational institution. *See* Mot. pp. 9–10. None of the decisions to which debtor cites involved comparable language to the subject loan agreements here or identified eligible institutions. *See In re Nunez*, 527 B.R. 410 (Bankr. D. Or. 2015) (flight school loan); *In re Decena*, 549 B.R. 11 (Bankr. E.D.N.Y. 2016) (Senegalese medical school loan); *In re Campbell*, 547 B.R. 49 (Bankr. E.D.N.Y. 2016) (bar study loan).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 7 of 12

The Court may easily dispense with debtor's remaining arguments:

- First, debtor is bound to the terms of the agreement that she signed where she acknowledged that she had the opportunity to review them before signing. *See Kilgore v. KeyBank, N.A.,* 673 F.3d 947, 964 (9th Cir. 2012), *aff'd on reh'g en banc,* 718 F.3d 1052 (9th Cir. 2013) (enforcing terms of student loan promissory notes where "[i]mmediately above each . . . signature line [was] a warning that the student should read the contract carefully before signing, as well as a promise from the student that he would do so 'even if otherwise advised'"); *accord* Mot., Ex. A, p. 1 ("**NOTICE TO CONSUMER** . . . Do not sign this agreement before you read it, even if otherwise advised. . . . You have reviewed the Information contained on this Credit Agreement, which includes terms on page 1 through 5, and certify that it is true and accurate to the best of your knowledge and belief. . . . You have read, understand, and agree to the terms of the 'Student Borrower's Certification and Consents' printed on page 4 of this Credit Agreement[.]" (emphasis in original)); Mot., Ex. B, p.1 (same); Mot., Ex. C, p. 1 (same); Mot., Ex. D, p. 1 (substantially same); Mot., Ex. E, p. 1 (substantially same); Mot., Ex. F, p. 1 (substantially same). Debtor's characterization of the contracts' terms as "boilerplate" does nothing to absolve debtor from her obligations under them. And Wells Fargo has not asked the Court to adjudicate a waiver of dischargeability. Rather, the plain language of the agreements as pleaded establish that they are subject to the statutory exception to dischargeability.

- Second, debtor's assertion that the presence of a co-signer somehow renders the Student Loans non-dischargeable is in conflict with applicable case law. *See* Resp. pp. 6–7. Whether or not the co-signer is bound to the terms of the agreements is not at issue in this Complaint and is inapposite in assessing whether the plain language of the agreement renders them non-dischargeable as to *debtor*. And courts in related contexts have ruled that the presence of a co-signer does not affect

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 8 of 12

the non-dischargeability of an education loan. *See In re Pelkowski*, 990 F.2d 737, 742–45 (3d Cir. 1993) ("section 523(a)(8) applies to a co-signer of a note for the educational expenses of another person").

Because the Complaint itself establishes that the Student Loans are non-dischargeable "qualified education loan[s]" under § 523(a)(8)(B), the Court should dismiss debtor's claim for discharge with prejudice.

> iv. *The Complaint Pleads That the Student Loans Are Non-Dischargeable "Obligations to Repay Funds Received as an Educational Benefit" under 11 U.S.C. § 523(a)(8)(A)(ii).*

Alternatively, the Complaint establishes that the Student Loans are non-dischargeable "obligations to repay funds received as an educational benefit" under Section 523(a)(8)(A)(ii). Debtor again mischaracterizes Wells Fargo's application of the widely accepted "purpose" test as taking the untenable position that "any loans tangential to schooling" are non-dischargeable. Rather, as set forth above and in Wells Fargo's motion, the plain language of the subject credit agreements incorporated into the Complaint clearly establishes that Wells Fargo loaned the funds for an educational purpose and thus that debtor received them as an educational benefit. .

**B. Debtor Cannot Overcome the Fact That the Complaint Fails to State a Claim for Discharge Based on Undue Hardship.**

Debtor's promise of evidence and testimony to be presented at a future stage cannot rehabilitate the Complaint's deficient allegations of undue hardship. As an initial matter, debtor's reiteration of the conclusory statements from the Complaint, *see* Resp., p. 9, does nothing to meet the pleading standard demanded under the *Brunner* test adopted by the Ninth Circuit. *In re Pena*, 155 F.3d 1108, 1112 (9th Cir. 1998) (adopting *Brunner v. New York State Higher Ed. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir.1987) (*per curiam*)).

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 9 of 12

First, notably absent from the Complaint are any allegations of proactive, good-faith efforts by debtor to increase her income or reduce her expenses. *See* Compl., ¶¶ 21–27, 37–45. And nowhere in her response does debtor dispute that pleading such efforts are essential to meeting the first and third prongs of the *Brunner* test. *See* Mot., pp. 11–14.

Second, debtor offers nothing but speculation that her current state of affairs—even if otherwise amounting to current hardship—is likely to persist throughout the entirety of the repayment term as required to establish undue hardship under the second *Brunner* prong. Nor is debtor's reference to illness, status as a single parent, and the general state of the economy, *see* Compl. ¶¶ 23–24, 40–41, 45, sufficient to elevate debtor beyond the "garden-variety debtor" or render her capable of withstanding the significant scrutiny applicable to individuals claiming undue hardship. *In re Nys*, 446 F.3d 938, 944 (9th Cir. 2006); *In re Nascimento*, 241 B.R. 440, 445 (B.A.P. 9th Cir. 1999); *Educ. Credit Mgmt. Corp. v. Rhodes*, 464 B.R. 918, 923 (W.D. Wash. 2012). And although debtor suggests that it would be "inappropriate" to "describe the gruesome details of her problems" in a complaint, she does so without citing to any authority that would relieve her from her obligation to plead sufficient factual allegations to sustain her claim. Wells Fargo does not intend to trivialize debtor's circumstances, but the assertions in the Complaint simply do not provide enough specificity to support an inference of undue hardship.

Because the Complaint fails to plead any level of factual specificity as to any of the prongs demanded under the *Brunner* test, the Court should dismiss debtor's claim for undue hardship with prejudice.

## II. CONCLUSION

For all of the foregoing reasons, and for those set forth in its motion and accompanying

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 10 of 12

memorandum of law, defendant Wells Fargo Bank respectfully requests that the Court (1) dismiss the Complaint with prejudice and without leave to amend, and (2) grant such further relief as the Court deems just and proper.

Dated this 16th day of October, 2020

K&L GATES LLP

By */s/ Peter A. Talevich*_____
Michael J. Gearin, WSBA #20982
Peter A. Talevich, WSBA #42644

Andrew C. Glass (*pro hac vice*)
Gregory N. Blase (*pro hac vice*)

*Attorneys for Defendant Wells Fargo Bank, N.A.*

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 11 of 12

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a Sr. Practice Assistant in the law firm of K&L Gates LLP, and on October 16, 2020, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 16th day of October, 2020, at Seattle, Washington.

*/s/ Benita G. Gould*
*Benita G. Gould, Sr. Practice Assistant*

REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT – Page 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 20-04047-BDL    Doc 19    Filed 10/16/20    Ent. 10/16/20 17:01:01    Pg. 12 of 12